UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

TONYA OLIVER,
    Plaintiff,

v.                                          Case No.:

HARBOR VILLAGES MANAGEMENT, LLC,
    Defendant.
_____/

## COMPLAINT

The Plaintiff TONYA OLIVER (hereinafter "Plaintiff") sues the Defendant, HARBOR VILLAGES MANAGEMENT, LLC, (hereinafter "Defendant") and states:

### PRELIMINARY ALLEGATIONS

1. This is an action for discrimination in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000(e), and Florida's Private Whistleblower Act, §§448.101-448.105, Florida Statutes ("Whistleblower Act").

### JURISDICTION AND VENUE

2. Plaintiff TONYA OLIVER (hereinafter "Plaintiff") is over 21 years of age and at all times material was a resident of Lake County, Florida and is otherwise sui juris.

3. Defendant, HARBOR VILLAGES MANAGEMENT, LLC, (hereinafter "Defendant") is a Florida Corporation, that operated a facility in Lady Lake, Sumter County, Florida.

4. HARBOR VILLAGES MANAGEMENT, LLC, is indeed an employer under the FCRA and Title VII.

5. This Court has jurisdiction over this claim pursuant to 29 U.S.C. § 216 and 28 U.S.C. § 1331.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1331(b), as the events or omissions

giving rise to the claims alleged herein occurred in the Middle District of Florida, Ocala Division.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (civil rights) and 28 U.S.C. § 1367 (supplemental jurisdiction over state claims).

## CONDITIONS PRECEDENT

8. On or around March 30, 2020, Plaintiff dual-filed a charge of race discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations.   Ex. A

9. On April 13, 2021, the EEOC issued Plaintiff a Right to Sue Letter.

10. More than 180 days have passed since the filing of this charge.

## PARTIES

11. Plaintiff is an African-American female.

12. Defendant hired Plaintiff on March 8, 2019.

13. Plaintiff held the position as the Executive Director.

14. Defendant is an employer as defined by the laws under which this action is brought and employs the required number of employees.

15. Plaintiff was employed by Defendant and worked in the HarborChase of Villages Crossing in Lady Lake, Florida.

## GENERAL ALLEGATIONS

16. At all times material, Defendant, acted with malice and with reckless disregard for Plaintiff's federal and state protected rights.

17. At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

18. Plaintiff performed her job duties in a satisfactory level and did not receive any reprimands prior to objecting to discrimination in the workplace.

19. Plaintiff opposed all of the state and federal laws that Defendant was violating.

20. Plaintiff reported her opposition to the violations of all of the state and federal laws to Defendant's upper management.

21. During her employment as full-time Executive Director for Defendant, on or around January 21, 2020, Plaintiff was instructed by Defendant's Regional Director of Operations, Jim Kobrorick, a white male, to reduce the salary of an African-American employee solely to increase the salary of a Caucasian employee of Defendant.

22. Plaintiff immediately objected to the order to modify the African American employee's salary as the instruction was racially motivated by Defendant.

23. After Plaintiff communicated her objection to reduce the salary of an African American employee solely to increase the salary of a Caucasian employee of Defendant, Defendant's agent retaliated against Plaintiff.

24. On January 31, 2020, Defendant, by and through its agent, disciplined Plaintiff for allegedly creating a hostile work environment due to her reporting her objection to the racially motivated salary changes of the Defendant.

25. On February 12, 2020, Defendant's agent Jim Kobrick, emails Plaintiff regarding the discipline Defendant placed on Plaintiff after objecting to the discriminatory actions required by Defendant upon Plaintiff.

26. On or around February 16, 2020, Plaintiff responded to Defendant's agent Jim Kobrick's February 12, 2020 email confirming that he ordered the salary modifications and that Plaintiff "was not comfortable with that, for possible legal ramifications." Ex. B

27. Immediately after Plaintiff's objection to the discriminatory instruction, Defendant, by and through its agent(s), reported to Plaintiff that Plaintiff created a hostile work environment based upon intimidation and fear and placed Plaintiff on a performance correction notice.

28. Defendant's upper management retaliated against Plaintiff for her opposition to Defendant's procedure and protocols of violating state and federal laws and placed her on an improvement plan.

29. Plaintiff was cooperative and compliant with Defendant's discipline to Plaintiff.

30. However on March 2, 2020, Defendant's upper management terminated Plaintiff.

## COUNT I
### VIOLATION OF FLORIDA'S PRIVATE WHISTLEBLOWER ACT448.102(3)

31. Plaintiff realleges and reavers Paragraphs 1-30 of the Complaint as if fully set forth herein.

32. This is an action for violation of Florida's Private Whistleblower Act, §§448.101-448.105, Florida Statutes ("Whistleblower Act"), with damages in excess of $30,000.

33. Plaintiff TONYA OLIVER, is an individual subject to the protections of the Florida Whistle Blower Act, Fla. Stat.§448.102, et. seq.

34. Defendant, HARBOR VILLAGES MANAGEMENT, LLC, is an employer subject to the protections of the prohibitions as contained in the Florida Whistle Blower Act, Fla. Stat.§448.102, et. seq.

35. Based upon the discussions of what HARBOR VILLAGES MANAGEMENT, LLC's alleged violations and problems that occurred during Plaintiff's objections to race-based salaries.

36. Plaintiff believed in good faith that Defendant had violated the Florida/Federal law as an employer and business.

37. At all times material hereto, Defendant employed Plaintiff in the position of Executive Director.

38. Defendant and Plaintiff discussed Plaintiff's opposition to Defendant's violation of both state and federal law(s).

39. Plaintiff is within the protected class of individuals as defined under §448.01, Florida Statutes.

40. Plaintiff objections were toward the discriminatory behaviors and improper treatment of minority employees, specifically African Americans, within the company.

41. Plaintiff in good faith believed that all of the reported act(s) given to her by Defendant were unlawful and violations of local, state, and federal laws.

42. During her employment at Defendant, Plaintiff became aware of, objected to, and refused to participate in certain policies and practices of the Defendant, as more specifically described in paragraphs 20-28 above, which violated local, state and/or federal laws, rules and regulations.

43. As a direct and proximal result of Plaintiff's objections to the aforementioned illegal actions of Defendant and its agents, Plaintiff's employment was terminated on March 2, 2020.

44. Plaintiff reported the violations committed to the proper legal authority for investigations.

45. Defendant actions constituted prohibited employment practices pursuant to §448.102(3), Florida Statutes.

46. As a result of the Defendant's violations of the Whistleblower Act, Plaintiff has been damaged.

47. Plaintiff is entitled to the recovery of reasonable attorney's fees and costs pursuant to §448.104, Florida Statutes.

WHEREFORE, Plaintiff, prays for relief against DEFENDANT as follows:

    a.    That Plaintiff, have and recover from the DEFENDANT actual damages suffered as a result of the DEFENDANT's violations of the Whistleblower Act;

    b.    That Plaintiff, have and recover from the DEFENDANT all front and back pay, medical expenses, insurance benefits, pension benefits and all such other legal and equitable relief recoverable under the Whistleblower Act;

    c.    That Plaintiff, have and recover from the DEFENDANT compensatory damages recoverable under the Whistleblower Act;

    d.    That Plaintiff, have and recover from the DEFENDANT pre- and post-judgment interest, all costs and attorney's fees incurred by Plaintiff in connection with the prosecution of this action; and

    e.    That Plaintiff, have and recover from the DEFENDANT such other and further relief as this Court may deem just, necessary and proper.

### COUNT II
### Retaliation
### The Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII")

48. Plaintiff incorporates herein Paragraph Numbers 1 through 30.

49. Plaintiff belongs to a protected class; she is African American/Black.

50. Plaintiff engaged in protected speech when she objected to the discriminatory targeting and reduction in Black/African American employee solely to keep a Caucasian employee that was

recently hired.

51. Defendant retaliated against Plaintiff because of her protected objections by immediately giving Plaintiff a final written warning when no other disciplinary action(s) had occurred.

52. Furthermore, Defendant retaliated against Plaintiff by targeting and expressing false statements about Plaintiff's creating on-going harassment and intimidation in the workplace.

53. Defendant retaliated against Plaintiff because of her protected objections by terminating Plaintiff from her employment.

54. Defendant' actions were motivated because of Plaintiff's protected objections.

55. Defendant violated Title VII and Plaintiff is entitled to damages and equitable relief.

**WHEREFORE**, Plaintiff respectfully requests this Court grant the following relief:

a) A declaration by this Court that Defendant violated Title VII;

b) An injunction issued by this Court prohibiting Defendant from further violation of Title VII;

c) Back pay in the form of lost wages, including lost benefits, plus interest which resulted from the unlawful retaliation;

d) Pecuniary and non-pecuniary compensatory damages for pain, suffering, mental anguish caused by Defendant' discriminatory actions;

e) Punitive damages;

f) Costs of this action, together with reasonable attorneys' fees;

g) Post-judgment interest; and

h) Such other and further relief as is just, equitable, and proper.

### COUNT III
### Race Discrimination
**UNLAWFUL HARASSMENT, DISCRIMINATION AND VIOLATION** OF TITLE VII of the CIVIL RIGHTS ACT of 1964, as amended, 42 U.S.C. § 2000 *et seq.*

56. Plaintiff hereby restates and realleges each and every factual allegation contained in

paragraphs 1 through 30.

57. Defendant knew or should have known that Plaintiff was being treated differently than other employees based upon race.

58. Defendant condoned, ratified, authorized and perpetuated race and color discrimination by requiring Plaintiff who is African American to reduce unlawfully the salary of an African American employee to benefit a Caucasian employee based upon Plaintiff's race (black) and/or color.

59. Defendant utilized Plaintiff's race/color to make the impression that race was not a factor since Plaintiff, an African American employee, would be the one that ordered the reduction of pay to harm the minority employee of Defendant and benefit a Caucasian employee.

60. Defendant engaged in unlawful employment practices prohibited by Title VII by creating, condoning and perpetuating a racially discriminatory environment by placing Plaintiff in an unlawful position since she knew that race was the motivating factor for the reduction of income assignment Plaintiff was given.

61. Defendant acted intentionally with malice and reckless disregard for Plaintiff's rights under Title VII.

62. When Plaintiff objected to performing the unlawful task assigned to her, Plaintiff was harmed with discipline, false allegations of performance issue, and termination.

63. As a result of Defendant's unlawful employment practices, Plaintiff has suffered damage, including the loss of a career with Defendant, the loss of wages, benefits, and other compensation; emotional distress including humiliation and embarrassment; and other

pecuniary and non-pecuniary losses.

**WHEREFORE**, Plaintiff respectfully requests this Court grant the following relief:

a) A declaration by this Court that Defendant violated Title VII;

b) An injunction issued by this Court prohibiting Defendant from further violation of Title VII;

c) Back pay in the form of lost wages, including lost benefits, plus interest which resulted from the unlawful retaliation;

d) Pecuniary and non-pecuniary compensatory damages for pain, suffering, mental anguish caused by Defendant' discriminatory actions;

e) Punitive damages;

f) Costs of this action, together with reasonable attorneys' fees;

g) Post-judgment interest; and

h) Such other and further relief as is just, equitable, and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully demands a trial by jury for all issues so triable.

**Respectfully Submitted,**

Date: 7/5/2021

RIGGINS LAW FIRM, P.A.

DANIALLE RIGGINS, ESQ.
Florida Bar No.: 0013909
211 NW 3rd Street
Ocala, FL 34475
(352)433-2400
service@rigginslawfirm.com
Attorney for Plaintiff